OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioners seek a judgment setting aside a rule of the New York State Board of Law Examiners that requires applicants to the Bar exam in New York State to take both sections of the exam in New York State.
Both petitioners are domiciliaries of New York State and have completed their third year of law school in New York. They have applied and are qualified to take the New York State Bar exam in July, 1981. However, each petitioner has secured employment outside of New York; petitioner Feldman in Connecticut and petitioner Murphy in New Hampshire. They must complete the Bar examinations of their respective States of future employment also given in July, 1981.
The New York State Bar examination, since 1979, consists of two parts: a State section of essay and multiple choice questions to be given on July 28, 1981 and, on the following day, a multistate Bar examination (MBE) consisting of 200 multiple choice questions prepared by the National Conference of Bar Examiners.
*736 Petitioners challenge a rule promulgated by the State Board of Law Examiners which provides that the board will not accept scores from the MBE taken outside New York State and applicants are required to take both sections of the Bar exam in New York State. It is alleged by petitioners that this rule frustrates their desire to take two State’s Bar exams this summer and forces them to postpone their taking the New York State Bar exam until a later and much more inconvenient date. This would put them in the position of having to interrupt their legal careers in order to prepare for a future Bar exam. Petitioners desire to only sit for the first part of the New York exam on July 28,1981 and then complete the MBE on July 29, 1981 in Connecticut in Feldman’s case and in New Hampshire in Murphy’s case and the local Bar exam in Connecticut and New Hampshire on July 30, 1981, thus taking the Bar exams of two States in a period of three days.
Petitioners contend that the rule objected to is arbitrary and capricious because the MBE is standardized, nationally administered and centrally corrected by computer and the place where the examination is taken bears no relation to the exam’s usefulness or the applicant’s qualification and that there is no rational basis for the rule.
This court agrees with the contentions of the petitioners. The MBE section consisting of 200 multiple choice questions constitutes 40% of the total grade of an applicant to the New York Bar and it is computer corrected centrally by the Education Testing Service (ETS). The exam scores are reported to the New York State Board of Law Examiners in the same manner and at the same time whether the exam is taken in State or out of State. All answers to the MBE are centrally scored by machine the same way regardless of the jurisdiction in which the applicant takes the MBE. ETS sends to New York two scores per exam, a raw score and a nationally scaled score. The State Board of Law Examiners uses the information sent to it by ETS for its own scaling procedures.
Respondents suggest that statistical and local law concerns, as well as test administration and security, form the *737 basis and rationale for the rule, but have not offered this court any but bare statements to buttress the rule.
The rule in question is arbitrary and capricious and should not be sustained, in this court’s opinion.
The petition is therefore granted.